NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASENACA TIRISIANE KEPA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-70392 <br><br> Agency No. A088-547-453 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Asenaca Tirisiane Kepa, a native and citizen of Fiji, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Kepa experienced in Fiji, even considered cumulatively, did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("cases with threats alone, particularly anonymous or vague ones, rarely constitute persecution"); *Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (record of past harm that included detention and interrogation did not compel a finding of past persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's determination that Kepa failed to establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022 (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative").

We reject as unsupported by the record Kepa's contentions that the agency erred in its legal analysis or consideration of her claim.

Thus, Kepa's asylum claim fails.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**